**No. 58876.**—Inter-Maritime Forwarding Co., Inc. *v.* United States, protest 208865–K (New York).

Opinion by JOHNSON, J. It was stipulated that the merchandise consists of 158 men's woven raincoats which, when imported, had a "net weight of 553 pounds." In view of the stipulation, the collector was directed to reliquidate the entry and assess duty under paragraph 1115 (a), as modified, *supra*, at 37½ cents per pound and 25 percent ad valorem on the basis of a net weight of 553 pounds and to refund all duties taken in excess.

**No. 58877.**—D. Hauser, Inc. *v.* United States, protest 241598–K (New York).

Opinion by JOHNSON, J. The collector's memorandum states that the entry was liquidated at the higher rate because the collector was not satisfied that the tomatoes were of Cuban origin; that a consular invoice showing Cuban origin was filed with the protest; but that the collector could not review the protest within the 90 days provided in section 515, Tariff Act of 1930, and could not grant the claim. The declaration of the shipper on the consular invoice states that the merchandise was the product of Cuba. These documents, however, were not offered or received in evidence herein. Following *W. T. Grant Company v. United States* (38 C. C. P. A. 57, C. A. D. 440), it was held that while the invoice is a part of the official papers in a protest case, it cannot be considered as proof of the matters contained therein unless it has been offered and received in evidence for that purpose. It was further held that other documents among the official papers must also be offered and received in evidence before they may be considered by the court in deciding a case. (*Swift & Company v. United States*, 33 Cust. Ct. 212, C. D. 1655, and *United States v. Western Electric Company*, 26 Cust. Ct. 531, Reap. Dec. 7954, cited.) The court was constrained, therefore, to overrule the protest.